a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

SAMANEH POURHOSSEINI A#221-391-705,
Petitioner

CIVIL DOCKET NO. 3:26-CV-00445
SEC P

VERSUS

JUDGE DOUGHTY

U.S. IMMIGRATION & CUSTOMS ENFORCEMENT
Respondents

MAGISTRATE JUDGE PEREZ-MONTES

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Samaneh Pourhosseini ("Pourhosseini")[1]. Pourhosseini is an immigration detainee at Richwood Correctional Center in Monroe, Louisiana. She challenges the legality of her continued detention.

Because there is no significant likelihood of Pourhosseini's removal in the reasonably foreseeable future, the Petition should be GRANTED.

I.    Background

Pourhosseini is a native of Iran who entered the United States without inspection or parole on January 13, 2025. ECF No. 8-1 at 1. She has been in ICE custody since January 20, 2025, when removal proceedings were initiated. *Id.*

---

[1] Petitioner signs her Petition "Samaneh Pourhosseini." The Executive Office of Immigration Review and ICE inmate locator service reflect her name as "Pour Hosseini Jalal Samaneh." https://locator.ice.gov/odls/#/results; https://acis.eoir.justice.gov.

On August 5, 2025, an immigration judge ordered that Pourhosseini be removed to Iran. This order became administratively final 30 days later. *Id.*

On September 18, 2025, Enforcement and Removal Operations ("ERO") mailed a travel document request to the Embassy of Iran. *Id.* According to the Declaration of Field Office Director Charles G. Ward, "the case [is] still currently pending with the Iranian authorities." *Id.*

## II.   Law and Analysis

### A.   The Court has jurisdiction.

The Court has jurisdiction to consider Pourhosseini's challenge to her continued post-removal order detention. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it. Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

B.   <u>There is no significant likelihood of Pourhosseini's removal in the reasonably foreseeable future.</u>

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.; see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

If the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing with evidence or release the alien. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); *Zadvydas*, 533 U.S. at 701.

Because Pourhosseini's removal order became final on September 5, 2025, and she has been detained since, the presumption of reasonableness no longer

applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

Pourhosseini alleges that she has fully cooperated with removal efforts, and Iran has refused to issue travel documents.  ECF No. 1 at 10; ECF No. 1-2 at 3. Additionally, the Court takes judicial notice of the war in Iran—which began after the Petition was filed—and the resulting suspension of diplomatic relations and travel with many countries in the region. *See* Fed. R. Evid. 201(b).[2]  Therefore, there is good reason to believe that there is no significant likelihood of Pourhosseini's removal in the foreseeable future.

The burden shifts to the Government to provide evidence of a significant likelihood that Pourhosseini will be deported in the reasonably foreseeable future. The Declaration states that an application for a travel document was submitted to Iran on September 11, 2025.  ECF No. 8-1 at 1.  That a travel document request was submitted does not establish that removal is significantly likely to occur in the reasonably foreseeable future. *See Yang v. Warden Jackson Par. Corr. Ctr.,* 25-CV-1962, 2026 WL 503246, at *3 (W.D. La. Feb. 6, 2026), *recommendation adopted,*

---

[2] Neither this war nor other domestic or international events change the fundamental Constitutional prohibition on indefinite detention without a significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. To the contrary, foreseeability turns upon—and thus demands inquiry into—some of the very issues affected and disrupted by war and similar events, including the actual, current conditions in proposed removal countries and the status of our diplomatic relations with such countries. *See Tran v. Mukasey*, 515 F.3d 478, 482–84 (5th Cir. 2008) (granting habeas relief where lack of repatriation agreement prevented removal). The Government thus cannot foreseeably execute removal orders to any such country, particularly given the ongoing and uncertain scope and course of the war in and around Iran.

2026 WL 500655 (W.D. La. Feb. 23, 2026).  Travel document requests can be denied, ignored, or processed in the distant future.  *Id.*  In fact, the Declaration indicates that the request to Iran has gone unanswered for eight months.  ECF No. 36-1 at 2.

"Respondents submit that there will be no impediment to Petitioner's removal once her travel document is issued," (ECF No. 8 at 3), but there is no evidence that Iran is likely to issue a travel document in the reasonably foreseeable future, especially considering the ongoing war.  *See Yang*, 2026 WL 503246, at *3 n. 5 (collecting cases).  And as other courts have noted, "Iran has historically been uncooperative in efforts by the United States to repatriate its citizen[s]." *Anjomshoa v. Oldham Cnty. Jail*, 3:26-CV-020, 2026 WL 1034403, at *3 (W.D. Ky. Apr. 16, 2026) (quoting *Minassi v. Noem*, No. 5:26-cv-00723, 2026 WL 923289, at *5 (C.D. Cal. Apr. 1, 2026) (citing *Kamyab v. Bondi*, 25-389, 2025 WL 2918081, at *2 (W.D. Wash. Aug. 5, 2025)).

Finally, the Government's argument here is inconsistent with its representation to the United States District Court for the Southern District of California on March 24, 2026, that "[d]ue to the ongoing conflict in Iran, all removal and transit flights to Iran have been postponed. As a result, Respondents concede that there is no significant likelihood of removal in the reasonably foreseeable future." *Yousefi v. Larose*, 26-CV-272 (S.D. Ca.), ECF No. 13.

Therefore, despite the Government's conclusory assertions to the contrary, there is no significant likelihood of Pourhosseini's removal in the foreseeable future.

### III.   Conclusion

Because there is no significant likelihood of Pourhosseini's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED and Pourhosseini be RELEASED under appropriate conditions.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).   A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.   A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, May 11, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE